**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FEB 0 8 2017

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

CENTRAL ARKANSAS REPRODUCTIVE
ENDOCRINOLOGY GROUP, PLLC                                    PLAINTIFF

VS.                          NO. 4:17cv79- BRW

HEALTH CARE SERVICE CORPORATION d/b/a
BLUE CROSS AND BLUE SHIELD OF TEXAS, INC.          DEFENDANTS

## NOTICE OF REMOVAL

Defendant Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Texas

("HCSC") hereby removes this action from the Circuit Court of Pulaski County, Arkansas, to the

United States District Court for the Eastern District of Arkansas, Western Division, pursuant to

28 U.S.C. §§ 1332 and 1441.  In support of its Notice of Removal, HCSC states the following:

1.      On December 29, 2016, Plaintiff Central Arkansas Reproductive Endocrinology

Group, PLLC ("Plaintiff") commenced a civil action against HCSC  in the Circuit Court of

Pulaski County, Arkansas, styled *Central Arkansas Reproductive Endocrinology Group, PLLC v.*

*Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Texas, Inc.*, No. 60CV-16-

7143 (the "State Court Action.").  HCSC was served with a summons and copy of Plaintiff's

complaint in the State Court Action on January 9, 2017, via certified mail.  Accordingly, this

Notice of Removal is filed within the 30-day time limit imposed by 28 U.S.C. § 1446.

2.      This action is removed pursuant to 28 U.S.C. § 1332(a) because this action is

between citizens of different states and the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs.

This case assigned to District Judge_Wilson
and to Magistrate Judge_Harris

3.      Plaintiff is an Arkansas professional limited liability company that maintains its principal offices in Pulaski County, Arkansas. (*See* Complaint ¶ 1.)[1] Plaintiff is an affiliate of FEM Partners, Inc. ("FEM"), and through FEM, Plaintiff participated in a health insurance plan administered by HCSC. (*Id.* ¶¶ 5-6.)

4.      HCSC is a mutual legal reserve company incorporated under the laws of the State of Illinois, with its principal place of business and headquarters in Chicago, Illinois. Thus, there is complete diversity because Plaintiff is a citizen of Arkansas and HCSC is a citizen of Illinois.[2]

5.      Plaintiff alleges that on December 31, 2013, and January 21, 2014, it made two payments totaling $28,023.13 to HCSC to continue coverage for the FEM health insurance policy that included Plaintiff's employees. (Complaint ¶¶ 9-13.) Plaintiff alleges that after HCSC cashed the two checks, HCSC notified Plaintiff that coverage would no longer be provided and that HCSC denied coverage for certain claims submitted by Plaintiff's employees. (*Id.* ¶¶ 14-15.) Plaintiff further alleges that HCSC refunded the two payments made by Plaintiff to FEM and refused to refund the payments directly to Plaintiff. (*Id.* ¶ 17.)

6.      Plaintiff also alleges that it paid an additional $19,115.90 to various medical providers for claims submitted by Plaintiff's employees that HCSC denied and for which HCSC should have paid. (*Id.* ¶ 16.)

---

[1] Upon information and belief, no member of the plaintiff is a citizen of the State of Illinois. Pursuant to Fed. R. Civ. P. 11(b)(3), HCSC states that this allegation will likely have evidentiary support after a reasonable opportunity for further investigation and discovery. HCSC will be serving concurrent with this notice of removal discovery on the plaintiff confirming that none of its members are Illinois citizens.

[2] To the extent plaintiff asserts a claim against Blue Cross and Blue Shield of Texas ("BCBSTX"), complete diversity still exists. BCBSTX is an unincorporated division of HCSC and is an Illinois resident for diversity purposes. *See Fisher v. Blue Cross & Blue Shield of Texas*, 879 F. Supp. 2d 581, 587 (N.D. Tex. 2012) (finding BCBSTX is a citizen of Illinois for diversity purposes); *Hesse v. Blue Cross Blue Shield of Texas*, No. 4:11-CV-362, 2011 WL 4025453, at *1-3 (E.D. Tex. Aug. 15, 2011), *report and recommendation adopted*, 2011 WL 4025514, at *1 (E.D. Tex. Sept. 9, 2011) (same); *Coghlan v. Blue Cross Blue Shield of Texas*, No. H-12-2703, 2013 WL 150711, at *1-3 (S.D. Tex. Jan. 14, 2013) (same).

7.     Plaintiff asserts three causes of action against HCSC: (1) conversion, (2) fraud, and (3) negligence.  For its fraud claim, Plaintiff alleges that it relied on HCSC's purported statements about the payments being sufficient to continue health care coverage; HCSC refused to provide the coverage or return the payments to Plaintiff; Plaintiff had to pay an additional $19,115.90 to its employees' medical providers; and that HCSC's actions were willful, malicious, and committed with knowledge that Plaintiff would be damaged.  (*Id.* ¶¶ 26-31.)  For the alleged fraud, Plaintiff requests judgment against HCSC, a finding that it fraudulently obtained and retained payments totaling $28,023.13, a finding that HCSC's fraud forced Plaintiff to pay $19,115.90 to its employees' medical providers, an award of compensatory damages in the amount of $47,139.03, an award of costs and expenses, including attorneys' fees, and an award of all other relief which the Court deems just and appropriate.  (*See id.* at p. 5.)

8.     The amount in controversy requirement is also satisfied because the amount at issue exceeds $75,000, exclusive of interests and costs.  *See* 28 U.S.C. § 1332.  Notably, Plaintiff seeks $47,139.03 in compensatory damages and "an award of all other relief which the Court deems just and appropriate" for its fraud claim.  (*See id.*)  Punitive damages are permissible "other relief" that Plaintiff could obtain under its fraud claim.  *See e.g., Knowles v. Standard Fire Inc. Co.*, No. 4:11–cv–04044, 2013 WL 3968490, at *10 (W.D. Ark. Aug. 2, 2013) (stating that a claim for fraud creates the possibility that punitive damages could be awarded in tort, thus establishing the amount in controversy requirement); *Basham v. American Nat. County Mut. Ins. Co.*, 979 F. Supp. 2d 883, 888 (W.D. Ark. 2013) ("Federal courts applying Arkansas law have held that punitive damages are assumed to be legally recoverable even where a plaintiff's complaint does not include a prayer for punitive damages or allege that the defendant acted

wantonly or maliciously.") (citations omitted).[3]  For purposes of determining the amount in controversy, this Court has recognized that based on the history of punitive-damages awards in Arkansas courts, punitive damages should be valued as at least twice the amount of compensatory damages sought. *See Foster v. Sheehan Pipe Line Const. Co.*, No. 2:11CV00139 JLH, 2011 WL 3896837, at *1 (E.D. Ark. Sept. 6, 2011).

9.      Accordingly, this Court has original diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), and this action is removable pursuant to 28 U.S.C. § 1441(a).

10.      As required by 28 U.S.C. § 1446(a), HCSC attaches as Exhibit 1 to this notice copies of the summons and complaint in this action and plaintiff's affidavit of service, which constitute all "all process, pleadings, and orders" served upon HCSC to date.  There are no pending motions in this action.  HCSC has not yet filed its answer to the plaintiff's complaint.

11.      The United States District Court for the Eastern District of Arkansas, Western Division, embraces the county in which the State Court Action is now pending.

12.      HCSC also will promptly give written notice of the filing of this notice of removal to Plaintiff and will promptly file a copy of a notice of removal with the Circuit Clerk of Pulaski County, Arkansas, as provided in 28 U.S.C. § 1446(d).

13.      Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for any proper purpose.

14.      HCSC expressly reserves any and all defenses which may be available to it in this action.

---

[3] *See also Tackett v. Kidder,* 616 F.2d 1050, 1053 (8th Cir. 1980) ("If the relevant state law permits punitive damages on the facts alleged, the requisite amount is in controversy....") (citing Wright, Law of Federal Courts, 3rd ed. pp. 128, 129)); *Basham v. American Nat. County Mut. Ins. Co.*, 979 F. Supp. 2d 883, 888-89 (W.D. Ark. 2013).

1391213-v1

WHEREFORE, Defendant Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Texas removes this action from the Circuit Court of Pulaski County Arkansas, to the United States District Court for the Eastern District of Arkansas, Western Division, and seeks resolution by this Court of all issues raised herein.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: grather@wlj.com
           mthompson@wlj.com

By _____
    Gordon S. Rather, Jr. (68054)
    Michael A. Thompson (2010146)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

On February 8, 2017, a copy of the foregoing was served by U.S. mail on the following:

Mr. Bruce B. Tidwell
Friday, Eldredge & Clark, LLP
400 West Capitol Ave., Suite 2000
Little Rock, Arkansas 72201

*Attorneys for Plaintiff*

_____
Michael A. Thompson

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Dec-29 13:29:36
60CV-16-7143
C06D02 : 7 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
_____ **DIVISION**

**CENTRAL ARKANSAS REPRODUCTIVE
ENDOCRINOLOGY GROUP, PLLC**                                    **PLAINTIFF**

v.                              No.:  _____

**HEALTH CARE SERVICE CORPORATION d/b/a
BLUE CROSS AND BLUE SHIELD OF TEXAS, INC.**                    **DEFENDANT**

# COMPLAINT

COMES NOW, the Plaintiff, Central Arkansas Reproductive Endocrinology Group, PLLC,

and for its Complaint against the Defendant, Health Care Service Corporation d/b/a Blue Cross and

Blue Shield of Texas, Inc., states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, Central Arkansas Reproductive Endocrinology Group, PLLC (hereinafter

referred to as "CARE") is a professional limited liability company organized, existing and in good

standing under the laws of the State of Arkansas that maintains its principal offices in Pulaski

County.

2.      Defendant, Health Care Service Corporation d/b/a Blue Cross and Blue Shield of

Texas, Inc. (hereinafter referred to as "Texas BCBS") is an insurance company that maintains its

principal offices at 1001 East Lookout Drive in Richardson, Texas 75082 and whose President is

Dan McCoy, M.D.

3.      This Court is the proper venue for this action pursuant to ARK. CODE ANN. §16-55-

213(a)(1).

4.      This Court has jurisdiction over the subject matter of this action, as well as

jurisdiction over all named parties.

EXHIBIT 1

FACTUAL BACKGROUND

5.      At the end of 2013, CARE was affiliated with a third party entity – FEM Partners.

6.      As a part of its affiliation with FEM Partners, CARE was to participate in and be provided health care insurance through Texas BCBS.

7.      In December 2013, Texas BCBS notified CARE's insurance broker that additional payments were needed in order to continue CARE's health care insurance through Texas BCBS.

8.      Additional payments were needed from CARE because amounts previously paid to FEM Partners for health insurance coverage had not been forwarded to Texas BCBS.

9.      At the request of Texas BCBS, CARE overnighted payment in the amount of fourteen thousand seven hundred sixty-five and 67/100 dollars ($14,765.67) to Texas BCBS on the 31st day of December, 2013 to continue the health insurance coverage for its employees.

10.     After receiving the check overnighted to it, Texas BCBS contacted CARE and demanded additional amounts to continue health insurance coverage.

11.     The additional amount demanded by Texas BCBS was thirteen thousand two hundred fifty seven and 46/100 dollars ($13,257.46).

12.     An additional payment of thirteen thousand two hundred fifty seven and 46/100 dollars ($13,257.46) was sent to Texas BCBS via Federal Express on January 21, 2014.

13.     Texas BCBS cashed the two (2) checks provided by CARE totaling twenty-eight thousand twenty-three and 13/100 dollars ($28,023.13).

14.     After cashing the checks provided by CARE, Texas BCBS notified CARE that the health insurance could not be provided to CARE's employees as originally promised by Texas BCBS.

**15.**   In addition, Texas BCBS denies claims submitted by providers for medical care provided to CARE employees that should have been covered by the insurance that Texas BCBS promised to issue.

**16.**   Because of the denial of claims by Texas BCBS, CARE was forced to pay a total of nineteen thousand one hundred fifteen and 90/100 dollars ($19,115.90) to various medical providers for the medical services provided to its employees.

**17.**   Despite knowing that the additional payments had been provided by CARE because FEM Partners had failed to make premium payments, Texas BCBS refunded the additional payments by CARE to FEM Partners.

**18.**   CARE promptly notified Texas BCBS of this error in refunding the additional payments and requested that Texas BCBS correct their error.

**19.**   Texas BCBS refused to respond to any requests by CARE to correct their error and refund the additional payments.

**20.**   Through counsel, CARE made multiple demands for Texas BCBS to refund the additional amounts paid for which insurance was not provided.

**21.**   Texas BCBS has ignored and refused to respond to all requests a refund of the additional payments by CARE totaling twenty-eight thousand twenty-three and 13/100 dollars ($28,023.13).

COUNT I – CONVERSION

**22.**   CARE hereby incorporates Paragraphs 1 through 21 of the Complaint into this Count I.

**23.**   CARE provided additional payments totaling twenty-eight thousand twenty-three and 13/100 dollars ($28,023.13) to Texas BCBS based on demands by Texas BCBS for such

amounts to continue health insurance coverage for CARE's employees.

**24.**     After receiving the additional payments totaling twenty-eight thousand twenty-three and 13/100 dollars ($28,023.13), Texas BCBS refused to either provide the health insurance coverage or refund the additional payments to CARE.

**25.**     By cashing and retaining the funds without providing the promised health insurance coverage, Texas BCBS has converted such additional payments to its own use and benefit with the intent to deprive the true owner – CARE – of such funds.

**WHEREFORE**, the Plaintiff, Central Arkansas Reproductive Endocrinology Group, PLLC, prays that this Court: *(i)* grant it judgment against Defendant, Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Texas, Inc., finding that it converted the additional payments totaling twenty-eight thousand twenty-three and 13/100 dollars ($28,023.13); *(ii)* award it compensatory damages in the amount of the additional payments -- twenty-eight thousand twenty-three and 13/100 dollars ($28,023.13); *(iii)* award it the cost and expenses, including attorneys' fees, expended in pursuing this matter; and *(iv)* award it all other relief which this Court deems just and appropriate.

COUNT II – FRAUD

**26.**     CARE hereby incorporates Paragraphs 1 through 25 of the Complaint into this Count II.

**27.**     CARE justifiably relied on statements and demands made by Texas BCBS regarding additional amounts that needed to be paid in order to continue health insurance coverage for its employees.

**28.**     Texas BCBS was aware that CARE was justifiably relying on its representations.

**29.**     After CARE justifiably relied on the representations and made the additional payments totaling twenty-eight thousand twenty-three and 13/100 dollars ($28,023.13), Texas BCBS refused to either provide the health insurance coverage or return the additional payments.

**30.**     In addition to the payments made for coverage promised by Texas BCBS, CARE was forced to pay a total of nineteen thousand one hundred fifteen and 90/100 dollars ($19,115.90) to various medical providers for the medical services provided to its employees that should have been paid by Texas BCBS.

**31.**     The actions of Texas BCBS were willful, malicious and committed with full knowledge that CARE would be damaged by the loss of the additional payments and by the failure to pay for medical care provided to CARE employees.

**WHEREFORE**, the Plaintiff, Central Arkansas Reproductive Endocrinology Group, PLLC, prays that this Court: *(i)* grant it judgment against Defendant, Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Texas, Inc., finding that it fraudulently obtained and retained the additional payments totaling twenty-eight thousand twenty-three and 13/100 dollars ($28,023.13); *(ii)* grant it judgment against Defendant, Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Texas, Inc., finding that its fraud resulted in CARE being was forced to pay a total of nineteen thousand one hundred fifteen and 90/100 dollars ($19,115.90) to various medical providers for the medical services provided to its employees that should have been paid by Texas BCBS; *(iii)* award it compensatory damages in the amount of forty-seven thousand one hundred thirty-nine and 03/100 dollars ($47,139.03); *(iii)* award it the cost and expenses, including attorneys' fees, expended in pursuing this matter; and *(iv)* award it all other relief which this Court deems just and appropriate.

COUNT III – NEGLIGENCE

**32.**     CARE hereby incorporates Paragraphs 1 through 31 of the Complaint into this Count III.

**33.**     In offering to provide health insurance services, Texas BCBS is under a duty and obligation to conduct its operations as a reasonably careful and prudent insurance company would.

**34.**     Texas BCBS failed to conduct its business operations as a careful and prudent insurance company by:

*(a)*     Making demands for additional payments to continue health insurance coverage and then refusing to provide the promised coverage; and

*(b)*     Accepting payments and then refusing to return the funds to CARE when health insurance coverage was not reinstated;

*(c)*     Refusing to respond to or acknowledge repeated demands for the return of the funds provided for the health insurance coverage that was never provided; and

*(d)*     Refusing to pay claims for medical services obtained by CARE employees.

**35.**     As a result of the negligence of Texas BCBS, CARE has been damaged in the amount of forty-seven thousand one hundred thirty-nine and 03/100 dollars ($47,139.03).

**WHEREFORE,** the Plaintiff, Central Arkansas Reproductive Endocrinology Group, PLLC, prays that this Court: *(i)* grant it judgment against Defendant, Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Texas, Inc., finding that it negligently caused damage in requests for additional insurance payments, its mishandling of the additional payments made by CARE and its denial of claims for medical services; *(ii)* award it compensatory damages in the amount of forty-seven thousand one hundred thirty-nine and 03/100 dollars

($47,139.03); *(iii)* award it the cost and expenses, including attorneys' fees, expended in pursuing this matter; and *(iv)* award it all other relief which this Court deems just and appropriate.

**36.**     CARE requests a trial by jury on all claims.

Respectfully submitted,

FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave., Suite 2000
Little Rock, AR 72201
Phone (501) 376-2011
Fax    (501) 376-2147

*Attorneys for CARE*

By:    /s/ Bruce B. Tidwell
       Bruce B.  Tidwell, AR Bar No.  96115
       E-Mail – btidwell@fridayfirm.com
       Direct Phone – (501) 370-1496

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## HON. CHRIS PIAZZA - 2ND DIVISION 6TH CIRCUIT

CENTAL ARK REPRODUCTIVIE V HEALTH CARE SERVICE COR

60CV-16-7143

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

HEALTH CARE SERVICE CORPORATION D/B/A BLUE CROSS
Attn.: Dan McCoy, M.D., Pres.
1001 East Lookout Drive
Richardson, TX  75082

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Bruce Tidwell
400 W. Capitol Ave., Ste 2000
Little Rock, AR  72201-3522

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:

Address of Clerks Office

LARRY CRANE,  CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201

CLERK OF COURT

_Christy R McDaniel_

CLERK Christy Renee McDaniel, DC

Date: 12/30/2016

No. 60CV-16-7143 This summons is for   HEALTH CARE SERVICE CORPORATION D/B/A BLUE CROSS (name of Defendant).

## PROOF OF SERVICE

❏ I personally delivered the summons and complaint to the individual at
_____[place] on _____ [date];
or

❏ I left the summons and complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

❏ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

❏ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____ [date]; or

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❏ Other [specify]:

_____

❏ I was unable to execute service because:

_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

                            By: _____
                            [Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                               [Signature of server]


                               _____
                               [Printed name]

Address: _____
         _____

Phone: _____

Subscribed and sworn to before me this date: _____


                               _____
                               Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____
_____

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Jan-17  10:16:33
60CV-16-7143
C06D02 : 3 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## 2nd DIVISION

**CENTRAL ARKANSAS REPRODUCTIVE
ENDOCRINOLOGY GROUP, PLLC**                                    **PLAINTIFF**

v.                              No.:        **60CV-2016-7143**

**HEALTH CARE SERVICE CORPORATION d/b/a
BLUE CROSS AND BLUE SHIELD OF TEXAS, INC.**               **DEFENDANT**

## PROOF OF SERVICE

  **COMES NOW**, the Plaintiff, Central Arkansas Reproductive Endocrinology Group, PLLC (hereinafter referred to as "CARE") and for its Proof of Service on Defendant, Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Texas, Inc., states as follows:

  **1.** Defendant Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Texas, Inc., was duly served on January 9, 2017, through its' authorized representative and President, Dan McCoy, M.D., with copies of the Summons and Complaint filed in the above-referenced case.  Service was accomplished via registered mail, restricted delivery, return receipt requested as indicated on the Domestic Return Receipt attached hereto as **Exhibit "1"** and incorporated herein by reference.

  **2.** The service on Defendant Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Texas, Inc. described herein complies with the requirements of ARKANSAS RULE OF CIVIL PROCEDURE 4.

Respectfully Submitted,

FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave., Suite 2000
Little Rock, AR 72201-3493
Phone – (501) 376-2011
Fax - (501) 376-2147

*Attorneys for CARE*

By:   */s/  Bruce B. Tidwell*
      Bruce B. Tidwell, AR Bar No. 96115
      E-Mail – btidwell@fridayfirm.com
      Direct Phone – (501) 370-1496



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 1.36 |
| Certified Fee | 3.3 |
| Return Receipt Fee (Endorsement Required) | 2.7 |
| Restricted Delivery Fee (Endorsement Required) | 4.0 |
| Total P | |

Sent To   Health Care Service Corporation
d/b/a Blue Cross and Blue Shield of Texas, Inc.
Attn: Dan McCoy, M.D., President
1001 East Lookout Drive
Richardson, TX 75082

PS Form 3800, July 2014                 See Reverse for Instructions

7014 2120 0002 6433 5534

JAN 03 2017
LITTLE ROCK AR 7220

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Health Care Service Corporation
d/b/a Blue Cross and Blue Shield of Texas, Inc.
Attn: Dan McCoy, M.D., President
1001 East Lookout Drive
Richardson, TX 75082

9590 9402 1720 6074 3241 50

2. Article Number (Transfer from service label)
7014 2120 0002 6433 5534

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  *Mary Sm*   ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
*Mary Smook*

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No
19/17

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
■ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery ($500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

**EXHIBIT "1"**